IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHANE LESTER, | ) |
| | )     8:08CV316 |
| Plaintiff, | ) |
| | ) |
| vs. | )     PROTECTIVE ORDER |
| | ) |
| GARRETT AVIATION SERVICES, LLC | ) |
| d/b/a Landmark Aviation, | ) |
| | ) |
| Defendant. | ) |

     This matter comes before the court on the plaintiff's Motion to Quash Subpoena and Motion for Protective Order (Filing No. 19). The plaintiff filed a brief (Filing No. 20) and an index of evidence (Filing No. 21) in support of the motion. The defendant filed a brief (Filing No. 31) and a declaration (Filing No. 32) in opposition to the motion. The plaintiff filed a brief (Filing No. 36) and an index of evidence (Filing No. 37) in reply.

## BACKGROUND

     This case arises from the August 22, 2005 crash landing of the plaintiff who was conducting a test flight of aircraft. **See** Filing No. 1 - Ex. A. The plaintiff alleges the defendant was negligent in its maintenance of the aircraft. The plaintiff asserts the defendant is liable for negligent infliction of emotional distress. In relation to this claim, the defendant seeks information about the plaintiff's mental health from John P. Engler, PhD. The plaintiff does not oppose the requested discovery but seeks to have a protective order in place first. The parties have been unable to agree on the terms of a protective order without court intervention.

## ANALYSIS

     An order protecting disclosure or discovery is granted only upon a showing of good cause, including "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." **See** Fed. R. Civ. P. 26(c)(1)(G). When determining the level of protection to afford particular

information a court "must be guided by the liberal federal principles favoring disclosure, keeping in mind the need to safeguard confidential information transmitted within the discovery process from [harmful] disclosures. . ." *BASF Corp. v. United States*, 321 F. Supp. 2d 1373, 1378 (Ct. Int'l Trade 2004) (citation omitted). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003).

On December 3, 2008, the defendant filed a notice of intent to issue a subpoena duces tecum on John P. Engler, PhD. **See** Filing No. 18. The defendant intended to issue the subpoena on December 8, 2008. *Id.* However, on December 5, 2008, the plaintiff filed the instant motion to quash. The plaintiff contends the subpoena should be quashed because it seeks the plaintiff's confidential medical records. The plaintiff does not argue the sought discovery cannot be had, but requests that a protective order be issued prior to the divulgence of the records. Counsel for the plaintiff states she attempted to resolve this issue with opposing counsel, but was unable to reach an accord. The plaintiff filed a proposed protective order with the motion. **See** Filing No. 20 - Ex.

The defendant does not dispute the issuance of the subpoena should follow entry of a protective order. **See** Filing No. 31. However, the defendant opposes use of the protective order submitted by the plaintiff. The defendant states counsel exchanged several drafts of protective orders, but were unable to agree on the substance. The defendant contends the plaintiff's draft protective order is one of the earlier revisions proposed by the plaintiff and does not take into consideration many changes made by agreement of the parties. The defendant attached a draft protective order, it states was substantially agreed to by the parties. **See** Filing No. 31 - Attach. 1.

In reply, the plaintiff argues four separate items of disagreement preclude entry of the defendant's proposed order. The first, related to section 2.4, is not substantive. The court has reworded the section to comport with the parties' apparent and undisputed intent. The plaintiff's remaining objections will be discussed below.

Related to section 2.5, the plaintiff seeks to require review of the protective order and signature of compliance for any party, including any officers, directors, employees,

agents or representatives of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action. The plaintiff does not oppose this broad inclusion in the category of persons. The defendant denies it is necessary for each party, including the category of persons described above, to view the protective order and sign the acknowledgment. The court finds the plaintiff has shown good cause to require the provision. This is particularly true given the broad nature of the category of persons and the defendant's description of its need for such breadth.

Related to section 3 and 4, the parties dispute the use of certain language restricting the use of discovery to the instant litigation. The plaintiff proposes the use, in section 3 of the language, "Nothing in this Order shall limit any party or person in its use of its own documents or from disclosing its own documents and information." In contrast, the defendant seeks to include, in section 4, the following paragraph.

> Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party by means independent of discovery from the adverse party in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Information in any manner it deems appropriate.

**See** Filing No. 31 - Attach. 1 at p. 5.

The parties do not dispute they should continue to have unrestricted use of their own documents. However, the plaintiff contends the defendant's proposed language is overly broad and would include documents obtained from non-parties, i.e., the very discovery which prompted the instant motion. The defendant argues it seeks to allow unfettered use of documents independently-obtained. The defendant asserts such independently-obtained documents are not, by definition, confidential because they were either not confidential in the first instance or any confidentiality has been waived. Specifically, the defendant notes it has obtained some documents or information which is a matter of public record, even though the information pertains to the plaintiff's well-being or "disturbed psychological state before the test flight of August 22, 2005." **See** Filing No. 31 - Brief p. 6-7. The plaintiff does not dispute that documents found in the public record would not be subject to a protective order. **See** Filing No. 36 - Reply p. 6. Based on the parties arguments, the court has reworded section 3, and deleted the redundant language from section 4, as follows.

> Nothing in this Order shall limit any party or person in its use of its own documents or from disclosing its own documents and information. Further, nothing in this Order shall impose any restrictions on the use or disclosure by a party of material obtained by such party from the public record, whether or not such material is also obtained through discovery in this action.

This language does not restrict the parties in their use of section 4(a) of the protective order seeking a determination from the court about whether a particular document should or should not be restricted.

Finally, the parties' proposed protective orders required the parties to file under "seal" any documents covered by the protective order, if the parties sought to include the documents with any papers filed with the court. **See** Section 2.2. However, NECivR 7.5 requires documents to be "sealed" only if such documents are restricted to access by the filing party and the court. The confidential information described the parties need not have this degree of limitation. Accordingly, the parties shall file any documents containing material subject to the protective order under access restricted to the parties and the court, under NECivR 5.3, as a "Restricted" motion, brief or index of evidence. **See also** NEGenR 1.3(a)(1)(B) and (c). Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion to Quash Subpoena and Motion for Protective Order (Filing No. 19) is granted, in part, as set forth above.

2. The court will enter a protective order in conformance with this order.

3. The defendant may now issue a subpoena for documents to John P. Engler, PhD.

DATED this 29th day of December, 2008.

BY THE COURT:

 s/ Thomas D. Thalken
 United States Magistrate Judge