**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **SHANE LESTER,** | ) | |
| | ) | 8:08CV316 |
| **Plaintiff,** | ) | |
| | ) | **PROTECTIVE ORDER** |
| vs. | ) | |
| | ) | |
| **GARRETT AVIATION SERVICES, LLC,** | ) | |
| d/b/a **LANDMARK AVIATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**IT IS ORDERED:**

Pursuant to Federal Rule of Civil Procedure 26(c) and in accordance with the order entered today, and the following Protective Order will govern discovery in the above-captioned matter.

    **1.    Definitions**

        **1.1    Confidential Information**

"Confidential Information" means any document, writing, tangible thing of any type that any of the parties, through counsel, designate in good faith as containing information of the parties that is: (a) not generally known by or available to members of the public; or (b) proprietary business, commercial or financial information, such as trade secrets, future business plans, customer lists, personnel information; or (c) protected by the right to privacy under any state or federal constitutional provisions, or any similar statute, rule, or regulation; or (d) potentially damaging to the business or personal interests of said party if disclosed.  Confidential Information is not strictly limited to the document, writing or tangible thing at issue, and does expressly include the information contained within any document, writing or tangible thing.

        **1.2    Dissemination**

For purposes of this Protective Order, the term "disseminate," "disseminated," and/or "dissemination" includes:  (1) filing a document or information under any Court's electronic filing system, including the District Court for the District of Nebraska's ECF filing

system; (2) distributing any document or information via facsimile, email or U.S. Mail; and/or (3) distributing or publishing any document or information on any website accessible to the general public on the world wide web.

### 2.     Duties of the Parties

#### 2.1     Duty to Examine Documents and Maintain the Confidentiality of Confidential Information

Information designated as Confidential Information under this Protective Order shall be treated by the parties and their counsel as confidential, such that: (1) such information may be reviewed only by persons so authorized by this Protective Order and who have agreed to be bound by the terms of this Protective Order; (2) may be copied by such persons only for purposes of this litigation; and (3) all use and disclosure of information designated as Confidential Information shall be confined to that reasonably necessary to effectively defend or prosecute this action and for no other purpose.

Each of the parties has a duty to ensure that any documents to be publicly filed and disseminated do not fall under the "Confidential Information" category described above under the terms of the Protective Order.

#### 2.2     Duty to File Confidential Information Under Restricted Access

If any party seeks to include Confidential Information in any papers filed with the Court, the filing party has the duty to file the paper under restricted access in compliance with the requirements of NECivR 5.3 regarding the filing of restricted access documents. This Protective Order authorizes the parties to file such papers under Restricted Access until further Order of this Court.

#### 2.3     Duty to Properly Designate Confidential Information

A party who files any Confidential Information with the Court must designate such document as "Confidential" by marking the document with the word "Confidential" prior to filing with the Court. Any party that marks a document "Confidential" is certifying to the

Court that there is a reasonable and good faith basis both in law and in fact for making such a designation.

### 2.4    Documents Already Produced

Within ten (10) business days after entry of this Order, a party may inform the party to whom documents containing confidential information have been produced that it considers certain documents already produced as being subject to this Order as "Confidential."

### 2.5    Duty to Disclose Confidential Information to Qualified Persons

Information designated as Confidential Information shall be disclosed only to the following "Qualified Persons":

    a.    The named parties and any officers, directors, employees, agents or representatives of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    b.    Experts or consultants retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    c.    The Court, court personnel, court reporters and related personnel employed by the Court of the parties in this action;

    d.    A witness at any deposition or other proceeding in this action, when necessary to the testimony of such witness;

    e.    Any person who was involved in the preparation of the Confidential Information;

    f.    Any other person as to whom the parties agree, in writing; and

    g.    Counsel of record and support staff (including secretaries, paralegals, and clerks) engaged in the conduct of this litigation.

Prior to receiving or being shown such Confidential Information, persons falling in the categories listed above in subparagraphs a, b, d, e and f shall be shown a copy of, and shall agree in writing, or on the record during trial or deposition, to be bound by the terms of the Protective Order.  During a deposition, any party asserting confidentiality of any of

its Confidential Information shall ask the deponent on the record to accept the terms of the Order. If the deponent refuses to assent, disclosure of the documents containing Confidential Information during deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given the deponent.

### 2.6  Duty to Ensure the Signing of Non-Disclosure Agreements

Prior to receiving any Confidential Information, each Qualified Person shall be provided with a copy of the Protective Order and shall execute an agreement to be bound by the Protective Order in the form of Exhibit A. After the conclusion of this litigation each party obtaining such agreements shall, upon request, provide copies of such agreements to the other parties.

### 2.7  Third Party or Non-Party Witnesses

A copy of this Protective Order shall be served with a subpoena or Notice of Deposition on each third party or non-party. A third party or non-party witness may designate Confidential Information as "Confidential" pursuant to this Order by stamping it with such notice prior to production or so identifying it on the record during the deposition of that third party or non-party witness. Either party may also designate Confidential Information produced by a third party or non-party as being "Confidential" pursuant to the terms of this Order within ten (10) business days of being made aware of the content of such Confidential Information. Any Confidential Information produced by a third party or non-party shall be treated as "Confidential" pursuant to the terms of the Protective Order if designated as "Confidential" by either party or by the third party or non-party which produces it.

### 3.  Use of Confidential Information

Confidential Information shall not be used for any purpose except in connection with the litigation pending in the United States District Court for the District of Nebraska, Case No. 8:08CV316 styled **Shane Lester v. Garrett Aviation Services, LLC**. Nothing in this

Order shall limit any party or person in its use of its own documents or from disclosing its own documents and information. Further, nothing in this Order shall impose any restrictions on the use or disclosure by a party of material obtained by such party from the public record, whether or not such material is also obtained through discovery in this action. This Order or the production of any Confidential Information pursuant hereto does not affect the admissibility of any such Confidential Information or waive any objection to the admissibility of such Confidential Information.

### 4.  Rights of the Parties

This Protective Order shall be without prejudice to the right of the parties to:

   a.  bring before the Court at any time the question of whether any particular document or category of documents is Confidential Information or whether its use should be restricted;

   b.  present a motion to the Court for a separate protective order or provision in the Protective Order as to any particular document, thing, material, testimony or information, including restrictions differing from those as specified herein;

   c.  assert privilege (including but not limited to attorney-client, attorney work product, and trade secret privileges) and decline to produce any documents or information on that basis;

   d.  make a future application for modification of the Protective Order, including modifications specific to any particular documents, information or things, and challenges to any designation of particular documents or information as being Confidential Information.

If a party challenges the "Confidential" designation of the document(s), the documents at issue shall continue to be treated as "Confidential" pursuant to the terms of this Order until such time as the Court has made a ruling with respect to the motion.

The Protective Order shall survive the final termination of this action, to the extent that the information contained in Confidential Information is not or does not become known

to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of Confidential Information disclosed hereunder.

After final termination of this case upon reasonable demand, counsel for the parties shall assemble and either (a) return to the producing party all documents designated as Confidential Information and all Confidential Information derived from such documents or (b) shall destroy such documents and Confidential Information and certify to the producing party under oath that such documents and Confidential Information have been destroyed.

DATED this 29th day of December, 2008.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

**Exhibit A**
**Agreement to Adhere to Protective Order**
**Regarding Confidentiality of Information**

     I acknowledge I have received a copy of the Protective Order entered by the Court in Shane **Lester v. Garrett Aviation Services, LLC**, Case No. 8:08CV316, United States District Court for the District of Nebraska and dated December 29, 2008 (the "Order"), I have read the Order, I understand it, and I agree to adhere to its terms.

     I further acknowledge that, under the terms of the Order, I am forbidden to use or disclose to any person or entity Confidential documents, materials, or information the parties have produced in the above captioned lawsuit, except as expressly permitted under the terms of the Order.

     I understand if I violate any term of the Order, I may be subject to sanctions by the Court.

     DATED this _____ day of _____, 20__ .

Name:                                                                           Signature:

_____